UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES ANTHONY WILLIAMS,

                Plaintiff,

   v.

JOHN DOE, et al.,

                Defendant.

Case No. C21-05887-DGE-SKV

REPORT AND RECOMMENDATION

      This is a § 1983 civil rights action. Plaintiff, James Anthony Williams ("Plaintiff"), is a state prisoner currently confined at Monroe Correctional Complex – Intensive Management Unit (MCC-IMU). On December 6, 2021, Plaintiff, proceeding *pro se*, filed an application to proceed *in forma pauperis* ("IFP") in the above-entitled action and a proposed complaint. Dkts. 1, 1-1, 1-2. On December 8, 2021, the Clerk issued a letter informing Plaintiff that his IFP application was deficient and that he must provide a certified copy of his prison trust account statement showing transactions for the last six months by January 7, 2022. Dkt. 3. On January 3, 2022, Plaintiff filed a "motion to waive the PLRA inmate financial statement requirement" in which he alleges the staff at MCC-IMU are denying his request for a PLRA inmate financial statement. Dkt. 4.

REPORT AND RECOMMENDATION - 1

Plaintiff's complaint appears to predominantly allege violations of his Eighth Amendment rights related to alleged inadequate dental and medical care related to his teeth at several DOC facilities beginning in 2015. *See* Dkt. 1-1. Plaintiff also appears to generally allege interference with the grievance process. *Id.* Plaintiff names as Defendants: (1) "John Doe" Chief of Psychiatry, Department of Corrections (DOC); (2) Jennifer Ross, Physician's Assistant, MCC; (3) Weber, Dentist, MCC; (4) Awad, Doctor, MCC; (5) Jackheimer, Doctor, MCC; (6) Sheryl Strange, Secretary, DOC; (7) John/Jane Doe, Grievance Coordinator, DOC; (8) John/Jane Doe, Dentist, Washington State Penitentiary (WSP); (9) John/Jane Doe, Dentist, Washington Corrections Center (WCC). *Id.*

Having considered Plaintiff's submissions, the balance of the record, and the governing law, the Court finds there are deficiencies concerning Plaintiff's IFP application and proposed complaint. Accordingly, the Court recommends that Plaintiff's application to proceed IFP (Dkt. 1) be DENIED, and Plaintiff be directed to pay the entire filing fee in order to proceed with this action. The Court further recommends that Plaintiff's "motion to waive the PLRA inmate financial statement requirement" (Dkt. 4) be DENIED as moot.

## BACKGROUND

Plaintiff's complaint appears to allege violation of his Eighth Amendment rights based upon alleged inadequate dental care and medical care related to his teeth at three DOC facilities, MCC, WSP, and WCC, since 2015. Dkt. 1-1. Plaintiff alleges that, since 2015, Defendants #1-5 and #8-9, have denied him dental care or medical care related to his teeth. *Id.*, at 4-5. He claims his teeth have become so bad that they must be extracted and that he believes at least three of them must be extracted by an oral surgeon. *Id.* Plaintiff alleges that his teeth are infected

causing swelling. *Id.* He also alleges that people can die from a tooth infection. *Id.* He alleges "staff here" refuse to give him antibiotics or oral surgery. *Id.*

Plaintiff alleges that "about six months ago" he sent Defendant #8 ("John/Jane Doe", Dentist at WSP) a kite informing him that all of his teeth were rotten and needed to be pulled and that he had three teeth that if not extracted by a dentist soon would need to be removed by an oral surgeon. *Id.*, at 6. Plaintiff alleges that Defendants #2 (Jennifer Ross, Physician's Assistant, MCC), #3 (Weber, Dentist, MCC), #4 (Awad, Doctor, MCC), and #5 (Jackheimer, Doctor, MCC), refuse to allow him to be examined by an oral surgeon. *Id.*, at 6-7. He alleges Defendants #8 ("John/Jane Doe", Dentist at WSP), and #9 ("John/Jane Doe", Dentist at WCC), refused to allow him to be examined by a dentist and to receive dental care. *Id.*

Plaintiff also alleges that, since 2015, he has tried to grieve this issue regarding inadequate dental care but that the grievance system is "corrupt and useless." *Id.*, at 8-11. He alleges that if a grievant accuses staff of a crime or civil rights violation that they will "never be allowed to move to the 2nd and 3rd levels" of grievance review. *Id.* He alleges that the deficiencies in the grievance system violate his First and Fourteenth Amendment rights because he is unable to properly exhaust his administrative remedies. *Id.*

As relief, Plaintiff requests that changes be made to the grievance system "to make it self-regulating", that policy changes be made to make sure that mentally ill inmates receive dental care, monetary damages, and examination by an oral surgeon. *Id.*, at 14.

## DISCUSSION

A review of the court records in this District reveals that at least three of the cases Plaintiff has previously filed were dismissed as frivolous, or for failure to state a claim, and counted as strikes under 28 U.S.C. § 1915(g). The Prison Litigation Reform Act's "'three-

REPORT AND RECOMMENDATION - 3

strikes' rule prohibits a prisoner from filing an action [IFP] if he has accumulated three 'strikes' for prior federal-court actions while incarcerated or in detention, unless he is 'under imminent danger of serious physical injury.'" *Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048, 1051 (9th Cir. 2016) (quoting 28 U.S.C. § 1915(g)). "A prisoner can incur a 'strike' for bringing an action 'that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.'" *Id.* (quoting 28 U.S.C. § 1915(g)).

On April 5, 2019, the Honorable Michelle L. Peterson entered a Report and Recommendation finding Plaintiff had incurred three strikes and recommending Plaintiff's application to proceed IFP be denied. *See Williams v. Sinclair*, Case No. 2:19-cv-345-JCC (W.D. Wash., April 5, 2019). Concurring with Judge Peterson, the undersigned finds the following cases, which were filed while Plaintiff was incarcerated and dismissed for failure to state a claim prior to Plaintiff initiating this lawsuit, constitute strikes: *Williams v. Portine*, Case No. 2:11-cv-1214-JCC (W.D. Wash.); *Williams v. Neely*, Case. No. 2:15-cv-489-BJR (W.D. Wash.); and *Williams v. Collins*, Case No. 2:15-cv-735-MJP (W.D. Wash.).[1] The Court also finds Plaintiff initiated at least three cases while incarcerated that were dismissed for failure to obey a court order after Plaintiff failed to amend deficient complaints and was warned that the failure to do so could result in dismissal of the complaints under § 1915. *See Williams v. Warner*, Case No. 3:17-cv-5615-BHS (W.D. Wash.); *Williams v. Gage*, Case No. 3:17-cv-6076-RBL (W.D. Wash.); *Williams v. Cogburn*, Case No. 3:17-cv-6077-BHS (W.D. Wash.). As the Court placed Plaintiff on notice that he had failed to state a claim, these dismissals also arguably count as strikes under Ninth Circuit precedent. *See Harris v. Mangum*, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

---

[1] The Court notes the Eastern District of Washington has also determined the three cited cases are strikes and has denied Plaintiff IFP status. *See Williams v. Holbrook*, Case No. 4:16-cv-5086-SAB (E.D. Wash.).

REPORT AND RECOMMENDATION - 4

Because Plaintiff has accumulated more than three strikes, he may only proceed IFP if his complaint contains "a plausible allegation that [he] faced imminent danger of serious physical injury at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (citations and internal quotations omitted); *see also id.* at 1050 n.11 (courts may reject assertions of imminent danger that are conclusory and overly speculative); *and see* 28 U.S.C. § 1915(g). To show a danger that is "imminent," a prisoner must plausibly allege that the danger is "ongoing" and is "ready to take place" or "hanging threateningly over his head." *Cervantes*, 493 F.3d at 1056. The Ninth Circuit has held that "requiring a prisoner to 'allege ongoing danger . . . is the most sensible way to interpret the imminency requirement.'" *Id.* (quoting *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998)). Additionally, the plaintiff must make specific or credible allegations showing the threat to them is real and proximate. *Cervantes*, 493 F.3d at 1053 (citing *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002); *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001)).

Here, Plaintiff has not plausibly alleged "imminent danger" to proceed IFP. Plaintiff's complaint makes generalized and conclusory allegations regarding inadequate dental and medical care related to his teeth by DOC medical or dental staff at three different DOC facilities over the past six years. Apart from alleging he sent one kite to the dentist at a prior facility (WSP) approximately six months ago concerning his teeth (which he does not attach to his complaint and does not indicate whether he received a response), Plaintiff offers no details or supporting documentation as to when or the circumstances under which he was allegedly denied dental care or a referral to an oral surgeon by any of the Defendants. Plaintiff alleges he believes his teeth have become infected and that he has been denied antibiotics but, again, fails to identify when he allegedly requested or was denied antibiotics by any of the Defendants. Apart from the

one kite allegedly sent six months ago to the dentist at a prior facility, Plaintiff does not allege he has sent any additional kites to any of the medical or dental Defendants at his current facility, nor does he describe any specific communications he has had with those Defendants. Plaintiff offers no specific facts regarding whether and when he has requested any dental examination at his current facility and been denied, or whether and when he has been examined by any of the Defendants, much less any medical documentation related to any examinations. Although Plaintiff alleges that he has "tried to grieve the issue" since 2015, he does not identify or attach any specific grievances related to this issue.

Plaintiff's generalized allegations with respect to the deficiencies in the DOC grievance system overall are similarly conclusory and devoid of any specific allegations. Plaintiff does not identify or attach any specific grievances evidencing the general deficiencies he alleges exist.

As Plaintiff's claims of imminent danger are conclusory and speculative, the Court finds the imminent danger exception does not apply in this case and Plaintiff is subject to the three strikes rule. *See Law v. Deputy Star*, 2015 WL 9257901, at *2 (N.D. Cal. Dec. 18, 2015) ("the Ninth Circuit has recognized that courts may reject assertions of imminent danger that are conclusory and overly speculative"); *Martin v. Aramark Food Corp.*, 2015 WL 3755944, at *3 (S.D. Ohio June 16, 2015) ("Allegations which are speculative or merely conclusory statements are insufficient to establish imminent danger."). Consequently, this Court concludes that Plaintiff is ineligible to file this lawsuit in federal court without paying the $350.00 filing fee plus a $52.00 administrative fee (for a total of $402.00).

## CONCLUSION

For the foregoing reasons, the Court recommends that Plaintiff's IFP application be denied under 28 U.S.C.§ 1915(g). The Court further recommends that Plaintiff be directed to

pay the filing fee within **thirty (30)** days of the date on which this Report and Recommendation is adopted, and that this action be terminated if Plaintiff fails to do so. The Court further recommends that Plaintiff's "motion to waive the PLRA inmate financial statement requirement" (Dkt. 4) be DENIED as moot. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 11, 2022**.

Dated this 18th day of February, 2022.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7